UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GIOVANNY GONZALEZ-SANTOS,<br><br>              Petitioner,<br><br>            v.<br><br>ERIC HOLDER, JR.,<br><br>              Respondent. | No. CV 14-9498-MMM (DFM)<br><br>ORDER TO SHOW CAUSE RE: MOOTNESS AND DISMISSAL |

The procedural history is taken from Judge Morrow's July 17, 2015 Order Clarifying Case Status After Transfer from Ninth Circuit:

> On May 28, 2014, Giovanny Gonzalez-Santos filed a motion for emergency stay of removal in the Ninth Circuit pending its ruling on a petition for review of a Board of Immigration Appeals ("BIA") decision that affirmed an immigration judge's determination that he was not eligible for a redetermination of his custody status under *Rodriguez v. Holder*, No. CV 07-03239, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013).

On June 17, 2014, the government filed a motion to dismiss the petition for lack of subject matter jurisdiction, asserting that the BIA's denial of Gonzalez-Santos' request for a custody redetermination was not a final removal order, and that the circuit court lacked jurisdiction to review it. See 8 U.S.C. § 1252(a) (providing jurisdiction to review only final orders of removal); *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) (appellate court has jurisdiction to review only final orders of removal). The government also argues that Gonzalez-Santos' motion to stay removal should be denied as moot. See *Narayan v. INS*, 105 F.3d 1335 (9th Cir. 1997) (dismissing as moot a motion for a stay of deportation after finding that the court had no jurisdiction to entertain a petition for review).

On September 17, 2014, the Ninth Circuit issued an order *sua sponte* granting Gonzalez-Santos an additional twenty-one days to file a response to the motion to dismiss. The court noted that if Gonzalez-Santos wanted the court to construe his petition for review as an original petition for writ of habeas corpus, filed under 28 U.S.C. § 2241, and direct that the case be transferred to the United States District Court for the Central District of California, he could make such a request in his response. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or

appeal shall proceed as if it had been filed in or noticed for the
court to which it is transferred on the date upon which it was
actually filed in or noticed for the court from which it is
transferred").

On October 14, 2014, Gonzalez-Santos filed a response, requesting that his petition be construed as a petition for writ of habeas corpus. On December 2, 2014, the Ninth Circuit issued an order finding that it lacked jurisdiction to adjudicate Gonzalez-Santos' petition because it was not an appeal from a final removal order. It granted his request to construe the petition for review as a petition for writ of habeas corpus, and transferred the matter to the Central District for further proceedings. All other pending motions, including the motion to stay, were denied as moot. The case was electronically transferred to the Central District the same day.

Dkt. 4 (footnotes omitted).

The first entry in this Court's docket is Gonzalez-Santos's May 28, 2014 Motion for Emergency Stay of Deportation Pending Petition for Review, which the Ninth Circuit denied as moot on December 2, 2014. See Dkt. 1. Because, as Judge Morrow noted, that motion is no longer pending, it is unclear what relief Gonzalez-Santos seeks from this Court. See Dkt. 4 at 2. Judge Morrow also indicated, "Should Gonzalez-Santos file a brief, and should he wish to seek a stay of removal pending review of his petition for writ of habeas corpus, he may file a motion seeking such relief in this court." See id. at 3. He has failed to do so, which could be because he may never have received a copy of the July 17, 2015 order as a result of his apparent failure to comply with Central District Local Rule 41-6. That rule provides:

A party proceeding *pro se* shall keep the Court and opposing parties

> apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Indeed, the Notice of Reference to U.S. Magistrate Judge that was sent to him was returned on December 18, 2014 by the Adelanto Detention Facility with the notation "Released." See Dkt. 3. Gonzalez-Santos has not notified the Court of a new address. Docket entry 9440904 for Ninth Circuit Case No.15-70645, a subsequent petition for review and motion for stay filed by Gonzalez-Santos, indicates that as of March 2, 2015, he was in the custody of the Adelanto Detention Facility. However, the Court has been unsuccessful in its recent attempts to locate Gonzalez-Santos there, and his current custody status is unknown.

Under 28 U.S.C. § 2241, removable aliens can properly challenge the length of detention under the general detention statutes. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). The REAL ID Act of 2005 eliminated district court habeas court jurisdiction over final orders of deportation and removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 928-29 (9th Cir. 2005); see also Mamigonian v. Biggs, 710 F.3d 936, 941 (9th Cir. 2013) ("Habeas relief for final orders of removal is only available through a petition to the court of appeals."). The REAL ID Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" See Hernandez v. Gonzales, 424 F.3d 42, 42 (1st Cir. 2005). Thus, "in cases that do not involve a final order of removal, federal

habeas corpus jurisdiction remains in the district court, and on appeal to [the courts of appeals], pursuant to 28 U.S.C. § 2241." Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party." The Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (internal quotation marks omitted). Where a federal court cannot redress a party's injury with a favorable decision, the case is moot and must be dismissed. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Id.

Here, it appears that the only issue properly before this Court is whether Gonzalez-Santos's continued detention without the opportunity for an individualized bond hearing before an immigration judge violates his statutory and constitutional rights. In this situation, the only relief which the Court could afford Gonzalez-Santos would be release from Respondent's custody, should it be determined that his continued detention was unlawful. However,

as discussed above, it appears that he has already been released from custody, which would render these proceedings moot, absent some remaining collateral consequences that may be redressed by success on the habeas petition.

IT IS THEREFORE ORDERED that Gonzalez-Santos show cause within thirty (30) days of the date of this order: (1) why this action should not be dismissed without prejudice for failure to comply with Local Rule 41-6 and/or for failure to prosecute (notice to the Court of a current address shall be deemed a sufficient response); and (2) why this action should not be dismissed as moot in light of his apparent release from custody. If Gonzalez-Santos does not timely and fully comply with this order to show cause, the Court will recommend that the action be dismissed without prejudice.[1]

Dated: November 2, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[1] Because the Court does not have any address for Gonzalez-Santos, other than his address of record at the Adelanto Detention Center, this order to show cause may be futile. While dismissal is a harsh penalty, "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the [petitioner's] own fault, to contact the [petitioner] to determine if his reasons for not prosecuting his lawsuit are reasonable or not." See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming the district court's dismissal of an action for failure to prosecute under a local rule similar to Local Rule 41-6). Moreover, a pro se litigant "is expected to abide by the rules of the court in which he litigates." Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986). Gonzalez-Santos's failure to do so will be deemed to constitute an acknowledgment by him that he no longer wishes to pursue this action.